IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BARETTA ROBINSON, § | |
| (TDCJ-CID #01532127) § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-17-2479 |
| § | |
| LORIE DAVIS, § | |
| § | |
| Respondent. § | |

**MEMORANDUM AND OPINION**

On August 11, 2017, Baretta Robinson, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division, filed a motion for extension of time to file a federal petition under 28 U.S.C. § 2254. (Docket Entry No. 1). Robinson explains that he was recently transferred from the Michael Unit to the Hughes Unit of the TDCJ-CID. He explains that he was in the process of preparing his federal petition and has only recently gained access to the legal documents relating to his criminal conviction.

Habeas applications filed pursuant to § 2254 are governed by federal statutes and rules. While 28 U.S.C. § 2244(d) establishes a one-year statute of limitations that applies to petitions for writ of habeas corpus filed pursuant to § 2254, the statute of limitations does not act as a deadline for filing that is subject to extension by order of the court. Instead, it acts as a bar to consideration of the claims raised in an untimely petition. Because the "1-year period of limitation shall apply" to a § 2254 petition upon its filing, the court has no authority to extend the one-year period prior to

the filing of such a petition. After the filing of such a petition, the court may statutorily toll the limitations period consistent with the circumstances set forth in § 2244(d)(2) and may equitably toll the limitations period in appropriate circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

Robinson asks this court to hold the federal statute of limitations in abeyance for 90 days, presumably until such time as he is able to file his federal petition. Robinson's motion to extend or abate the one-year statute of limitations does not present a case or controversy. *See Juidice v. Vail*, 430 U.S. 327, 331 (1977) (presenting a justiciable case or controversy is a jurisdictional requirement which the court has an obligation to examine sua sponte); *see also U.S. v. One 18th Century Colombian Monstrance*, 797 F.2d 1370, 1374 (5th Cir. 1986); *United States v. Cook*, 795 F.2d 987, 994 (Fed. Cir. 1986)(district court erred in tolling statute of limitations as to future claims by persons not party to the case before the court). Federal courts do not "'sit to decide hypothetical issues or to give advisory opinions about issues as to which there are not adverse parties before [them].'" *Cook*, 795 F.2d at 994 (quoting *Princeton University v. Schmid*, 455 U.S. 100, 102 (1982)); *see also North Carolina v. Rice*, 404 U.S. 244, 246 (1971)(A federal court does not have the power "to decide questions that cannot affect the rights of litigants in the case before them.").

By filing this motion for extension, Robinson is requesting an advisory opinion. There is no adverse party before this court. Nor is there a concrete dispute for this court to decide. The motion for extension of time in essence asks the court to determine in advance whether the habeas corpus petition will be time-barred, if it is filed at some unspecified date in the future, and whether equitable tolling may be applicable to extend the limitation period. This court cannot grant the relief that Robinson requests without offending the Constitution's case or controversy requirement. The court

may not grant the relief petitioner seeks.

A request for extension of time may be construed as a petition pursuant to § 2254. Habeas Rule 2(c) places five specific requirements on federal habeas petitions, including requirements that the petition:

> (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Habeas Rule 2(d) also requires that § 2254 petitions "substantially follow" standard forms for such petitions. The filed motion for extension of time does not satisfy any of these requirements.

The Advisory Committee Notes regarding the 2004 amendments to Habeas Rule 2 address the procedure for handling "defective" habeas petitions and state that "the better procedure [is] to accept the defective petition and require the petitioner to submit a corrected petition that conforms to Rule 2(c)" rather than to return an insufficient petition without filing it. This motion does not satisfy any of the elements of a petition. The court cannot interpret Robinson's motion as commencing a habeas corpus action because the purported application for writ of habeas corpus is not in the form of a petition, it does not specify each ground for relief that is available to the petitioner, and it does not include the factual basis for each ground for relief. Robinson's motion only requests additional time to file a petition and, thus, cannot be construed as the petition itself. Robinson may wish to file a skeletal petition and supplement it later. *Johnson v. Quarterman*, 483

F.3d 278, 287 (5th Cir. 2007).

Robinson's motion for an extension of the one-year statute of limitations, (Docket Entry No. 1), is DENIED. This action is DISMISSED without prejudice for want of jurisdiction.

SIGNED at Houston, Texas, on _____, 2017.

_____
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE